## Case No. 10,493.

OLIVER v. CUNNINGHAM et al.

[See 6 Fed. 60.]

---

## Case No. 10,494.

OLIVER v. DECATUR.

[4 Cranch, C. C. 458.] [1]

Circuit Court, District of Columbia. March Term, 1834.

MORTGAGES — FORECLOSURE BY BILL IN EQUITY— RECEIVER—RENTS AND PROFITS BEFORE ANSWER.

1. In a suit in equity to foreclose a legal mortgage, the court will not, before answer, grant an injunction to prevent the mortgagor in possession from receiving the rents and profits; nor will they appoint a receiver, the defendant being in no default for not answering.

2. The defendant may, at any time, before the bill is taken for confessed, plead, demur, or answer; and the plaintiff is to pursue the same course as if the plea, demurrer, or answer had been filed before the expiration of the three months limited, for answer, by the rules of the court.

Bill [by Robert Oliver against Susan Decatur] to foreclose a legal mortgage, and for an injunction to prevent the defendant from receiving the rents, and praying that a receiver may be appointed; on the suggestion that the property is insufficient security for the debt. The defendant was in no default for not answering.

1 [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key and Mr. Dunlop, for plaintiff, moved the court to appoint a receiver, and cited 2 Madd. 231, 233, 235; Wills v. Pugh, 10 Ves. 403; Middleton v. Dodswell, 13 Ves. 266; Lloyd v. Passingham, 16 Ves. 59, and the cases cited in 2 Madd. 231, and Duckworth v. Trafford, 18 Ves. 283; Berney v. Sewell, 1 Jac. & W. 647.

Mr. Marbury, for defendant, cited 2 Madd. 231; Coop. Ch. 42, 107; Berney v. Sewell, 1 Jac. & W. 647,—to show that it is not usual to appoint a receiver before answer; nor in a case of legal mortgage.

THE COURT (nem. con.) refused to grant an injunction and to appoint a receiver.

In November, 1833, the defendant pleaded the pendency of another suit for the same cause in Norfolk, (Virginia,) but afterwards, and before the plea was set down for argument, namely, on the 29th of March, 1834, withdrew the plea and filed an answer, which the plaintiff's counsel contended was wholly insufficient and ought not to be received, and must be considered as a nullity, and again moved the court to appoint a receiver.

Mr. Dunlop, for plaintiff, cited Dillon v. Alvares, 4 Ves. 357, that the pendency of a suit in Ireland is no bar to an injunction; Avery v. Petten, 7 Johns. Ch. 211; Verplank v. Caines, 1 Johns. Ch. 57,—as to power to appoint a receiver.

Mr. Marbury, contra, cited Berney v. Sewell, 1 Jac. & W. 647. The defendant has a right to answer at any time before the bill is taken for confessed; which is not yet done. If the answer is not sufficient in some respects, the plaintiff must except to it. It cannot be treated as a nullity.

CRANCH, Chief Judge. (MORSELL, Circuit Judge, absent). This is a bill to foreclose a mortgage in fee, and for the appointment of a receiver; and for an injunction to prevent the mortgagor in possession from receiving the rents, and the tenants from paying them to her. The bill was filed on the 22d of March, 1833. On the 28th of November, 1833, the bill not having been taken for confessed, the defendant filed a plea of a prior suit for the same cause still depending in a court of equity in Norfolk, in Virginia. On the 29th of March, 1834, the plea not having been set down for argument, the defendant withdrew it, and filed her answer. On the 1st of April, 1834, the plaintiff again moved for a receiver and injunction on the ground of the insufficiency of the answer, which he avers the defendant had no right to file, unless by leave of the court; and contends that the court should consider a bad answer as no answer; and should now take the bill for confessed, and proceed to decree. By the 6th rule of practice prescribed by the supreme court of the United States, the defendant has three months, after the appearance day, to answer; and, by the 10th rule, if he does not answer by that time, the plaintiff may take the bill for confessed, or have a

general commission or attachment to answer interrogatories; but the court may permit an answer. By the 18th rule, the defendant may, before the bill taken for confessed, demur, or plead to the whole bill or to part of it, and answer to the residue; and, by the 20th rule, if the plea or demurrer be overruled, the defendant has two months to answer; and, if his answer be insufficient, the plaintiff, by the 13th rule, may, in two months, except; and, by the 14th rule, the defendant has two months to file a better answer, or to insist on the sufficiency of that which is already filed. If he insists, the plaintiff may set down the exceptions for argument at the next term. If the answer be adjudged insufficient, the defendant must put in a better, &c. Thus, it seems, that, at any time before the bill is taken for confessed, the defendant may plead, demur, or answer, as he may think fit, and the plaintiff is to pursue the same course as if the plea, demurrer, or answer had been filed before the expiration of the three months limited for answer. So that it does not yet appear that the defendant is in default. But, if she were, the plaintiff could only get a decree nisi, according to the 6th rule; and that decree could not be for a receiver or an injunction. No case has been shown in which a receiver has been appointed in favor of a legal mortgagee, against the mortgagor in possession; and the case of Berney v. Sewell, in 1 Jac. & W. 647, seems decisive that it cannot be done consistently with the rules of a court of equity in England; and it is upon the English cases, and the cases in this country, which have been decided upon English cases, that the appointment of a receiver is now claimed.

The plaintiff, in this case, has not used due legal diligence. The mortgage became absolute, or, by proper demand, might have become absolute, on the 14th of June, 1829. The bill was not filed until the 22d of March, 1833; and the plaintiff has brought no action of ejectment to obtain possession, and cannot recover, at law or in equity, the rents received by the mortgagor in possession. The court has already decided that the facts stated in the bill do not entitle the plaintiff to have a receiver or an injunction; and nothing has occurred since, to give him a right to claim either. We think, therefore, that the motion must be overruled.

This cause came on again, to be argued upon the exceptions to the answer, on the 26th of November, 1834, and was argued by Messrs. Key and Dunlop, for plaintiff, and Mr. Marbury, for defendant.

The plaintiff's counsel still insisted that the answer was so imperfect that the court must consider it a nullity, and should take the bill for confessed, and appoint a receiver.

CRANCH, Chief Judge, after reciting the thirteen exceptions taken by the plaintiff, to the defendant's answer, said: Upon a careful reading of the bill and answer, I think the answer is exceptionable in every particular in regard to which it is excepted to; but still I cannot consider it as a nullity. It answers some of the material allegations of the bill, and insists, by way of plea and demurrer, that the complainant is not entitled to relief or discovery, as to some of the other grounds of complaint. But it is certainly an insufficient answer.

The question then occurs, what is the order to which the complainant is now entitled, according to the rules of practice in a court of equity? By the 14th rule prescribed by the supreme court of the United States, for the circuit courts, the defendant, having insisted on the sufficiency of his answer, and the exceptions having been set for argument, and argued, the court cannot receive any further or other answer, "but on payment of costs." By the 15th rule, the costs thus to be paid are to be "such costs as shall be allowed by the court." By the 16th rule, upon a second answer being adjudged insufficient, costs shall be doubled, and the defendant may be examined upon interrogatories, &c., or the plaintiff may move the court to take so much of the bill as is not answered, for confessed, and proceed for the residue, in the ordinary mode, by replication, commission, and hearing. The order of the court is, that the plaintiff's bill shall be taken for confessed, unless the defendant, on or before the 15th day of this month of December, 1834, answer fully as to all the particulars in regard to which her former answer was excepted to by the plaintiff, and pay to the plaintiff the full legal costs by him expended in this suit, up to that day. (See 2 Madd. Ch. Prac. 343; Tomkin v. Lethbridge, 9 Ves. 178, 463; and Smith v. Serle, 14 Ves. 415, as to what answer will be deemed illusive and a nullity.